Melvin J. CORMIER, et al.,
Plaintiffs-Appellants,

v.

P.P.G. INDUSTRIES, INC., et al.,
Defendants-Appellees.

No. 81–3485.

United States Court of Appeals,
Fifth Circuit.

April 11, 1983.

**568**

Ulysses Gene Thibodeaux, Lake Charles, La., for plaintiffs-appellants.

McCalla, Thompson, Pyburn & Ridley, Robert K. McCalla, Keith M. Pyburn, Jr., New Orleans, La., Stockwell, St. Dizier, Sievert & Viccelio, Fred H. Sievert, Jr., Lake Charles, La., Hugh M. Finneran, Pittsburgh, Pa., for P.P.G. Industries.

Drewett & Jacques, Robert T. Jacques, Jr., Lake Charles, La., for Local 470.

Before RUBIN and TATE, Circuit Judges, and DAVIS *, District Judge.

PER CURIAM:

The plaintiffs, black employees of the defendant ("P.P.G."), appeal from the dismissal of their claims of class and individual racially-based employment discrimination. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* In its excellent opinion, the district court has fully discussed all contentions and facts, in concluding that the claims of employment discrimination are without merit. 519 F.Supp. 211 (W.D.La.1981). Finding no reversible error, we affirm.

On their appeal, the plaintiffs raise three arguments. Two of them—relating (a) to intentional discrimination in promotion and transfers and (b) to the discriminatory effect of a seniority system that allegedly was not bona fide—depend upon a dispute as to facts found by the district court. In our finding that these contentions do not possess reversible merit, it is sufficient for us to state that we find neither the facts found by the district court nor the inferences drawn by it to be clearly erroneous, Fed.R.Civ.P. 52(a); *Pullman-Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).

The third contention relates to the alleged unlawful discrimination against the appellants on the basis of race in the utilization of tests and other selection procedures. Without benefit of the later decision by the Supreme Court in *Connecticut v. Teal,* 457 U.S. 440, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982), the district court had held that the plaintiffs had not proven a prima facie case of employment discrimination, although the tests were shown to have resulted in disparate impact upon black applicants; a reason for so holding was that the statistical analysis did not show as a "bottom line" result that there was any actual disparate effect in the number of blacks finally selected through use of the tests. 519 F.Supp. 280–281. *Teal* seems to reject such "bottom line" reasoning. Nevertheless, the district court also found that, even if the blacks had proven a prima facie case of discrimination, the employer showed that the tests "have a manifest and legitimate and business relationship to the jobs for which the tests were used," 519 F.Supp. at 281, so as to rebut the prima facie inference of discrimination. The finding is not clearly erroneous.

The plaintiffs further suggest, however, that the defendant P.P.G. did not fully rebut the discriminatory impact of the tests upon blacks, based, however, upon a reason not previously advanced in the district court. The plaintiffs suggest that, as

---

* District Judge of the Western District of Louisi-       ana, sitting by designation.

one consequence for failing the tests (which blacks failed in disparate numbers), an employee was not permitted to retake the test for advancement until he had attended a course in a local technical school for instruction in remedial mathematics and in language skills. This requirement was imposed upon all failed applicants regardless of race or sex, and the requirement was by its nature an attempt to improve the basic minimum requisite aptitudes of any employee desiring advancement, if shown by the prior test to have been deficient in these basic skills. No discriminatory effect or result of the schooling-before-retesting requirement was claimed in the district court, and for this reason alone, as well as because of a lack of any discriminatory result actually shown or here specified as argued, we find no merit to this argument.

Accordingly, we AFFIRM the judgment of the district court dismissing the plaintiffs' suit.

AFFIRMED.